COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

CORLISS A. TACOSA

v.   Record No. 0179-95-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
CITY OF NEWPORT NEWS                      SEPTEMBER 19, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Corliss Tacosa, pro se, on briefs).

(Collins L. Owens, Jr., Senior Assistant City
Attorney, on brief), for appellee.


Corliss Tacosa contends that the Workers' Compensation
Commission erred in finding that (1) she was a willing and
aggressive participant in the confrontation which occurred on
August 1, 1992 during the course of her employment; (2) her
conduct violated the work standards of her employer, the City of
Newport News; (3) she failed to prove that she sustained an
injury by accident on August 1, 1992; and (4) her conflicts with
supervisory personnel resulting in psychological disability were
not compensable.  Tacosa also contends that the commission erred
in refusing to consider the reports and opinions of Carol Vogel
Beffa, a licensed clinical social worker.  Upon reviewing the
record and the briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the party prevailing below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved that on August 1, 1992, Tacosa, the educational coordinator for the War Memorial Museum, was involved in a discussion with Abel Garcia, a Vietnam veteran and Museum board member, and others concerning the scope of a planned program. Garcia and Willis Darden, another veteran and board member, went to the office of John Quarstein, Tacosa's supervisor, to voice their complaints concerning the curtailment of their firefighting demonstrations during a weekend program called "Vietnam Revisited." Tacosa was summoned to the office by Quarstein. According to Darden and Quarstein, Tacosa burst into the office and immediately pointed her index finger close to Garcia's face, while she yelled that she did not work for him or take orders from him. Garcia, who remained seated, slapped away Tacosa's hand. Tacosa then pointed two fingers close to Garcia's chest, while she continued to yell that she did not take orders from him. Garcia grabbed Tacosa's hand. Tacosa claimed that Darden also grabbed her, placed her in a bear hug, and cursed at her. Darden admitted that he cursed at Tacosa, but denied that he ever touched her. Quarstein testified that the events occurred so quickly he is unsure of what happened; however, he intervened and stopped the confrontation. After the incident, Tacosa sought psychological counseling and was diagnosed as

suffering from post-traumatic stress syndrome.

At the time of the incident, Tacosa was aware of her employer's work standard requiring employees to treat members of the public with courtesy. Employer's administrative manual prohibited rudeness, fighting, intimidation, threats, and similar actions which adversely affected public relations.

In Farmers' Mfg. Co. v. Warfel, 144 Va. 98, 101, 131 S.E. 240, 241 (1926), the Supreme Court recognized the general rule that compensation benefits shall be denied "where [a claimant] suffers injuries from an assault when the claimant is himself in fault as the aggressor." The Supreme Court reasoned that the proximate cause of such injuries is not the employment, but rather the fault of the claimant. Id.

In denying compensation benefits to Tacosa, the commission found Tacosa's testimony to be less credible than the testimony of her supervisor and Darden, and the commission made the following findings:

> We are persuaded . . . that [Tacosa] was a willing and even an aggressive participant in the confrontation that allegedly constituted the accidental event causing or contributing to her later injury and disability. We do not believe the alleged assault would have occurred but for the claimant's own precipitous conduct, which was also contrary to the work standards of conduct of the employer about of which she was aware. While the veterans may have reacted in a extreme and unjustifiable manner, the alleged "assault" was prompted by the incautious and confrontational conduct of the claimant.

Factual findings made by the commission are binding on appeal if supported by credible evidence. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The testimony of Quarstein and Darden constitute credible evidence to support the commission's factual finding that Tacosa was a willing and aggressive participant in the confrontation and that she provoked the assault.

Because our ruling on this issue disposes of this appeal, we will not address the additional questions presented by Tacosa. For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

4